IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF WEEKS MARINE, INC., AS THE OWNER OF THE M/V RONNIE R, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | ) ) ) ) ) )  CIVIL ACTION NO.: 4:21-cv-246 |

### ORDER

Before the Court in this limitation of liability proceeding is Claimants' Joint Motion to Stay and/or Lift the Injunction and Permit Claimants to Proceed in State Court, (doc. 30), as well as the Supplement to that motion, (doc. 33), through which Claimants Aaron Tyler Clark, Tyler Blake Floyd, Kaitlyn Helmuth, Harlee Rewis, Haleigh Rewis, Shirley Ann Fox, Individually, Mark Denswell Fox, Individually, Mark Denswell Fox, as Temporary Administrator of the Estate of Thomas Denswell Fox, Deceased, and Mark Denswell Fox, as Temporary Administrator of the Estate of Joseph Mark Fox, Deceased (hereinafter, collectively "Claimants") move the Court to stay this case and lift the previously-entered injunction against the commencement or prosecution of other suits, actions or proceedings, subject and pursuant to certain stipulations (hereinafter, the "Amended Stipulations"), (see doc. 32).[1] Limitation Plaintiff Weeks Marine, Inc., has consented

---

[1] When Claimants filed their initial Motion to Stay and/or Lift the Injunction, (doc. 30), they also filed an initial set of stipulations, (doc. 29). In the initial Motion, they noted that Petitioner Weeks Marine had not been involved in the drafting of the stipulations and had not consented (or provided a statement of no opposition) to the requests that the injunction be lifted and that the limitation proceeding be stayed. (See doc. 30, p. 2.) Since then, Claimants filed a "Supplement to Claimants' Joint Motion to Stay and/or Lift the Injunction and Permit Claimants to Proceed in State Court," (doc. 33), along with Amended Stipulations, (doc. 32), and they have advised that, "[i]n consideration of the Amended Stipulation[s],

to the Amended Stipulations and does not oppose the relief sought by Claimants in the Supplement to the Motion. (Doc. 33, p. 1; doc. 34, p. 1.)

The Court has reviewed the Amended Stipulations, (doc. 32), and finds that they adequately protect the Limitation Plaintiff's right to limit its liability and that they effectively transform the multiple claims in this case into a single claim for purposes of satisfying the "single claimant" exception. See Freedom Unlimited v. Taylor Lane Yacht and Ship, LLC, No. 20-11102, 2021 WL 3629904, at *6 (11th Cir. Aug. 17, 2021); Beiswenger Enterps. Corp. v. Carletta, 86 F.3d 1032, 1038–39 (11th Cir. 1996) ("[C]ourts have allowed claimants to transform a multiple-claims-inadequate-fund case into the functional equivalent of a single claim case through appropriate stipulations, including stipulations that set the priority in which the multiple claims will be paid from the limitation fund. By entering such stipulations, the damage claimants effectively guarantee that the vessel owner will not be exposed to competing judgments in excess of the limitation fund."). Accordingly, the Court **GRANTS** Claimants' Motion to stay this case and to lift the injunction. (Doc. 33.) The Court **DISSOLVES** the injunction entered on September 21, 2021, (doc. 8), and **STAYS** this limitation of liability proceeding, pursuant to the terms set forth in the Claimants' Amended Stipulation, (doc. 32), which are incorporated herein by reference, pending further order of this Court. The Court further **ORDERS** the parties to file a

---

Claimants are authorized to represent to the Court that Petitioner Weeks Marine, Inc., while not admitting and expressly contesting the factual background of the collision stated in Claimants' motion, does not oppose the relief sought by Claimants in their Joint Motion to Stay and/or Lift the Injunction . . . ." (Doc. 33, p. 1.) It is clear from these documents that the Claimants no longer request that the Court grant the specific relief requested in the initial Motion, which was a lifting of the injunction and a stay of this case *in consideration of and pursuant to the initial set of stipulations*, but instead now request—through the Supplement to the Motion, (doc. 33), that the Court lift the injunction and stay this case *in consideration of and pursuant to the Amended Stipulations* (those set forth at doc. 32). Accordingly, the Court **DENIES AS MOOT** the initial Motion to Stay, (doc. 30), construes the Supplement to the Motion, (doc. 33), as a stand-alone motion, and, in determining whether to grant the requested relief, considers only the stipulations as stated in the "Amended Stipulation" document, (doc. 32).

Joint Status Report regarding any and all other related proceedings within **180 DAYS** of the date of this Order.

**SO ORDERED**, this 10th day of January, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA